IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **ROGER DAVID HUFF, JR.,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. CIV–21–345–RAW–JAR |
| ) | |
| **KILO KIJAKAZI,** ) | |
| **Acting Commissioner of the** ) | |
| **Social Security Administration,** ) | |
| ) | |
| **Defendant.** ) | |

## **REPORT AND RECOMMENDATION**

Plaintiff Roger David Huff Jr. (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the recommendation of the undersigned that the Commissioner's be **REVERSED** and the case **REMANDED** for further proceedings.

### **Social Security Law and Standard of Review**

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment[.]" 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do

his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy[.]" 42 U.S.C. § 423 (d)(2)(A). Social security regulations implement a five-step sequential process to evaluate a disability claim. *See* 20 C.F.R. §§ 404.1520, 416.920.[1]

Section 405(g) limits the scope of judicial review of the Commissioner's decision to two inquiries: whether the decision was supported by substantial evidence and whether correct legal standards were applied. *See Hawkins v. Chater*, 113 F.3d 1162, 1164 (10th Cir. 1997). Substantial evidence is "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (*quoting Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *see also Clifton v. Chater*, 79 F.3d 1007, 1009 (10th Cir. 1996). The Court may not reweigh the evidence or substitute its discretion for the

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity. Step two requires the claimant to establish that he has a medically severe impairment (or combination of impairments) that significantly limits his ability to do basic work activities. If the claimant *is* engaged in substantial gainful activity, or his impairment *is not* medically severe, disability benefits are denied. If he *does* have a medically severe impairment, it is measured at step three against the listed impairments in 20 C.F.R. Part 404, Subpt. P, App. 1. If the claimant has a listed (or "medically equivalent") impairment, he is regarded as disabled and awarded benefits without further inquiry. Otherwise, the evaluation proceeds to step four, where the claimant must show that he lacks the residual functional capacity ("RFC") to return to his past relevant work. At step five, the burden shifts to the Commissioner to show there is significant work in the national economy that the claimant *can* perform, given his age, education, work experience, and RFC. Disability benefits are denied if the claimant can return to any of his past relevant work or if his RFC does not preclude alternative work. *See generally Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988).

Commissioner's. *See Casias v. Secretary of Health & Human Services*, 933 F.2d 799, 800 (10th Cir. 1991). But the Court must review the record as a whole, and "[t]he substantiality of evidence must take into account whatever in the record fairly detracts from its weight." *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951); *see also Casias*, 933 F.2d at 800–01.

### Claimant's Background

Claimant was forty-one years old at the time of the administrative hearing. (Tr. 24). He possesses limited education (Tr. 24). He has worked as a warehouse worker/stocker and delivery driver. (Tr. 24). Claimant alleges that he has been unable to work since May 10, 2016, due to limitations resulting from a bulging disc in his neck and back, spinal arthritis, high blood pressure, sleep apnea, bipolar disorder, and hypoglycemia. (Tr. 116–117)

### Procedural History

On June 25, 2018, Claimant protectively filed an application for supplemental security income benefits pursuant to Title XVI (42 U.S.C. § 1381, *et seq.*) of the Social Security Act. Claimant's application was denied initially and upon reconsideration. After an initial administrative hearing, Administrative Law Judge Derek N. Phillips ("ALJ") issued an unfavorable decision on June 25, 2020. Appeals Council reviewed this decision and remanded it back to the ALJ. After a second administrative hearing, ALJ Phillips again issued an unfavorable decision on July 9, 2021. Appeals Council denied review, so the ALJ's written opinion is the Commissioner's final decision for purposes of this appeal. *See* 20 C.F.R. § 416.1481.

### Decision of the Administrative Law Judge

The ALJ made his decision at step five of the sequential evaluation. He determined that while Claimant suffered from severe impairments, he retained the residual functional capacity ("RFC") to perform light work with limitations.

### Error Alleged for Review

Claimant asserts the ALJ committed error in (1) failing to properly evaluate Claimant's subjective complaints during his RFC analysis, (2) failing to categorize Claimant's medically determinable hand tremors as severe at step two, (3) improperly evaluating claimant's RFC, (4) improperly relying on opinions of state reviewing physicians although their reviews were performed prior to pertinent medical evidence, and (5) failing to request a consultative opinion.

### RFC Determination

In his decision, the ALJ found Claimant suffered from severe impairments of "obesity and cervical and lumbar degenerative disc disease with cervicalgia and radiculopathy." (Tr. 18). He determined Claimant had the residual functional capacity to perform light work with limitations. The ALJ found that Claimant can frequently lift, carry, push, and/or pull twenty pounds occasionally and ten pounds frequently. Additionally, Claimant can frequently operate foot and/or hand controls; reach overhead; balance, stoop, kneel, crouch, and climb ramps and stairs. Claimant likewise can frequently work around moving mechanical parts, operate a motor vehicle, and/or be exposed to vibration as well as extreme cold/heat. Claimant can occasionally work at unprotected heights. The ALJ

determined that during an eight-hour workday, Claimant can sit, stand, and/or walk for six hours. Additionally during an eight-hour workday, the ALJ found that Claimant would be off-task five percent of the time in addition to normal breaks. (T. 20).

After consultation with a vocational expert ("VE"), the ALJ determined Claimant could perform the representative jobs of cutter/paster, addresser, and table worker. (Tr. 25). As a result, the ALJ concluded Claimant had not been under a disability since June 25, 2018, the date the application was filed. (Tr. 25).

Claimant argues that the ALJ improperly evaluated his RFC by failing to mention and analyze his hand impairments caused by pain/stiffness and shaking due to tremors that were evident in the medical records. "[R]esidual functional capacity consists of those activities that a claimant can still perform on a regular and continuing basis despite his or her physical limitations." *White v. Barnhart*, 287 F.3d 903, 906 n.2 (10th Cir. 2001). A residual functional capacity assessment "must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts . . . and nonmedical evidence." Soc. Sec. Rul. 96–8p, 1996 WL 374184, *7 (July 2, 1996). The ALJ must also discuss the individual's ability to perform sustained work activities in an ordinary work setting on a "regular and continuing basis" and describe the maximum amount of work-related activity the individual can perform based on evidence contained in the case record. *Id.* He must "explain how any material inconsistencies or ambiguities in the evidence in the case

record were considered and resolved." *Id.* However, there is "no requirement in the regulations for a direct correspondence between an RFC finding and a specific medical opinion on the functional capacity in question." *Chapo v. Astrue*, 682 F.3d 1285, 1288 (10th Cir. 2012).

Specifically, Claimant argues that the ALJ improperly evaluated Claimant's credibility and consistency in respect to his hand impairments during his RFC determination. Deference must be given to an ALJ's evaluation of Claimant's pain or symptoms, unless there is an indication the ALJ misread the medical evidence as a whole. *See Casias v. Sec'y of Health & Hum. Servs.*, 933 F.2d 799, 801 (10th Cir. 1991). Any findings by the ALJ "should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings." *Kepler v. Chater*, 68 F.3d 387, 391 (10th Cir. 1995) (quotation omitted). The ALJ's decision "must contain specific reasons for the weight given to the [claimant's] symptoms, be consistent with and supported by the evidence, and be clearly articulated so the [claimant] and any subsequent reviewer can assess how the [ALJ] evaluated the [claimant's] symptoms." Soc. Sec. Rul. 16-3p, 2017 WL 5180304, at *10 (Oct. 25, 2017). However, an ALJ is not required to conduct a "formalistic factor-by-factor recitation of the evidence[,]" but he must set forth the specific evidence upon which he relied. *Qualls v. Apfel*, 206 F.3d 1368, 1372 (10th Cir. 2000).

As part of his evaluation of Claimant's mental and physical symptoms, the ALJ noted the two-step process for the evaluation of symptoms set forth in Social Security Ruling 16-3p and the requirements under 20 C.F.R. § 404.1529. He

determined Claimant's medically determinable impairments could reasonably cause his alleged symptoms, but he found that Claimant's statements regarding the intensity, persistence, and limiting effects of her symptoms were not entirely consistent with the evidence in the record. (Tr. 20–21).

With respect to Claimant's hand impairments, the ALJ particularly notes Claimant's subjective complaints about his impaired ability to reach overhead, inability to complete house and yard work, and inability to grasp some objects as well as the tremors and numbness that he experiences in his hands. The ALJ concluded that these complaints were not consistent with the medical evidence but suggested that Claimant can perform light work with "additional postural, manipulative, and environmental constraints." (Tr. 21). However, the RFC is devoid of limitations aligned with Claimant's subjective complaints.

Nonetheless, the ALJ fails to acknowledge and analyze the medical evidence with respect to Claimant's complaints of hand impairments, including records regarding pain and tremors in Claimant's hands. Most notably, the ALJ failed to analyze a June 2019 record by Kavita Dasai, NP, diagnosing Claimant with an "essential tremor" after the reading of an MRI. (Tr. 899–902). Additionally, the ALJ failed to analyze a treatment note, consistent with Claimant's subjective complaints, from Claimant's Primary Care Physician, Kennedy Decker-Walters, ARNP–CNP, regarding pain and swelling in Claimant's MCP and PIP joints in both hands. (Tr. 917–919).

For the forgoing reasons, this Court agrees that the ALJ failed to consider the evidence with respect to Claimant's hand impairments. On remand, the ALJ

7

should conduct a proper symptom evaluation by carefully considering Claimant's testimony and the medical evidence as it relates to each of Claimant's complaints. Moreover, because the ALJ's symptom evaluation affects his overall RFC determination, the ALJ should re-analyze Claimant's assigned RFC. *See Poppa v. Astrue,* 569 F.3d 1167, 1171 (10th Cir. 2009) ("Since the purpose of the [symptom] evaluation is to help the ALJ access a claimant's RFC, the ALJ's [symptom evaluation] and RFC determinations are inherently intertwined.").

Likewise on remand, the ALJ should re-examine the medical evidence with respect to Claimant's essential tremors during his step two analysis. To the extent that the ALJ finds the state-reviewing physician opinions unreliable as they were not privy to pertinent medical records, the ALJ should re-evaluate whether a consultative opinion should be obtained to evaluate the extent of Claimant's manipulative limitations.

## Conclusion

The decision of the Commissioner is not supported by substantial evidence and the correct legal standards were not applied. Therefore, the Magistrate Judge recommends for the above and foregoing reasons, the ruling of the Commissioner of Social Security Administration should be **REVERSED** and the case be **REMANDED** for further proceedings. The parties are herewith given fourteen (14) days from the date of the service of these Report and Recommendation to file with the Clerk of the court any objections, with supporting brief. Failure to object to the Report and Recommendation within

fourteen (14) days will preclude appellate review of this decision by the District Court based on such findings.

**DATED** this 10th day of March, 2023.

_____
**JASON A. ROBERTSON**
**UNITED STATES MAGISTRATE JUDGE**